## N. T. ERWIN v. CITY OF AUSTIN.

(No. 1964, Op. Book No. 2, p. 274.)

APPEAL from Travis County.    Opinion by WATTS, J.

§ 1037. *Practice as to motions, demurrers and dilatory pleas.* Motions, demurrers and dilatory pleas must be disposed of before the trial upon the merits is entered upon by the parties. The rule of practice long recognized and adhered to by the courts is, that, if not presented before going into trial upon the merits, such motions, demurrers and dilatory pleas will be considered as waived.

§ 1038. *Jurisdiction; want of, requires dismissal of suit; when court a quo had none, appellate court can acquire none.* The rule is well recognized and sustained by many adjudicated cases, that, where a court has no

jurisdiction of the subject matter of the suit, it is its duty, at any stage of the proceedings, when that fact is called to its attention, to dismiss the case. It is also a familiar principle, that, if the justice's court had no jurisdiction of the subject matter, the county court could acquire none by appeal or *certiorari.*

§ 1039. *Jurisdiction of justice's . court; amount.* Plaintiff's judgment upon which the writ of garnishment issued was for $200 and interest. The justice rendered judgment against the garnishee for $248. *Held,* that the justice had jurisdiction of the subject matter, the judgment for $200 and interest, but had no jurisdiction to render a judgment against the garnishee for an amount exceeding $200. That such judgment was manifestly erroneous, but not void. That upon *certiorari* to the county court, upon a trial *de novo,* if the facts otherwise warranted it, the county court could have rendered judgment against the garnishee for $200, but nothing more.

§ 1040. *Garnishment; affidavit for; when made by attorney.* An affidavit for garnishment may be made by the plaintiff's attorney [R. S. 5], and in such case he is not required to swear to his client's belief of facts, but it is sufficient if the affidavit states that he, the attorney, had reason to believe and did believe that the garnishee was indebted, etc.

June 15, 1881.    Reversed and remanded.